UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BONNIE LATIMORE,

                                Plaintiff,                    19-CV-09872 (LAK)(SN)

          -against-                                  **ORDER**

C.R. BARD INCORPORATED, et al.,

                                Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
MICHAEL KAR,

                                Plaintiff,                    19-CV-09876 (LAK)(SN)

          -against-

C.R. BARD INCORPORATED, et al.,

                                Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       The parties appeared before me on January 7, 2020, for an initial pretrial conference. The Court directed the parties to submit letters by January 14, 2020, discussing their positions on four discovery disputes raised at the conference. Upon review of the parties' letters, the Court rules as follows:

1. **Supplementing General Discovery**

       As "[a]ll common fact and expert discovery" was already completed in the MDL, supplemental general discovery is not necessary in these cases now. See Defs.' Ltr., Ex. 1, Suggestion of Remand and Transfer Order (Second), MDL 15-02641 (PHX) (DGC) ("Remand Order"). See also Harris v. Wyeth, Inc., No. 04-CV-7615 (NRB), 2012 WL 2317338, at *1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/2020

(S.D.N.Y. June 15, 2012) (the purpose of MDL proceedings is to "coordinate and complete shared pretrial matters such as generic discovery"). Absent good cause, discovery will be limited to case-specific fact and expert discovery. See Remand Order 4, 11 ("The status of the remaining case-specific discovery and other pretrial issues in individual cases should be addressed by the courts receiving the cases on remand or transfer.").

Plaintiffs have not demonstrated good cause. Discovery is not an iterative process; and the fact that additional expert studies have been issued since the February 3, 2017 close of fact discovery is not a basis to reopen general discovery. This is especially true where the implants at issue occurred in 2010 and 2013. Such preclusion, however, does not prevent expert witnesses from discussing later issued studies, so long as Rule 26 disclosures are satisfied.

2. **Use of Plaintiff Fact Sheets**

Given the parties' disagreement and because discovery in these cases is already limited to matters specific to the individual Plaintiffs, I find that use of fact sheets is unnecessary. The parties shall conduct discovery in accordance with the Federal Rules of Civil Procedure.

3. **Authorization of Plaintiffs' Medical records**

Plaintiffs shall authorize production of ten years of their pre-implant medical records. The parties are directed to meet and confer to attempt to resolve Defendants' additional request for authorization of records relating to Plaintiffs' employment, insurance, Medicaid, Medicare, prescription/pharmacy, workers compensation, Social Security, and disability records. See Defs.' Ltr. 5. If the parties cannot agree, Defendants may submit a separate motion to compel production of these materials, as needed.

**4. Defendants' Rebuttal Expert Report**

Defendants state that Plaintiffs have agreed to their submission of rebuttal expert reports, but "demand that such reports be submitted simultaneously" with Plaintiffs' own rebuttal reports. Defs.' Ltr. 5. Defendants may serve a rebuttal report within 14 days after Plaintiffs' reply/rebuttal report is served. See Fed R. Civ. P. 26(a)(2)(D)(ii).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: January 21, 2020
New York, New York